IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUSTIN C.,

               Claimant,

          v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

               Respondent.

No. 24 C 3050

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Justin C.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner"), denying his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Opinion and Order.[3]

## Background

On May 17, 2016, Claimant applied for disability benefits, alleging a disability beginning on July 25, 2009, later amended to August 5, 2015. (R.610; R.14). His application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). After conducting a

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 7].

1

hearing at which Claimant and a vocational expert testified, the ALJ denied Claimant's applications for benefits and concluded he was not disabled under the Social Security Act. (R.14-25.) Claimant appealed to the Appeals Council, which denied review. (R.1-4.) This Court issued a decision remanding the case for further proceedings consistent with the remand order. (R.733-742.)

Following the remand from this Court and the Appeals Council, the ALJ held a telephone hearing on August 9, 2023, at which Claimant was represented by counsel and a vocational expert testified. The ALJ again denied Claimant's application for benefits in an opinion issued on December 20, 2023 (R.610-35). The ALJ's decision iss the final decision of the Acting Commissioner of Social Security reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's

impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since August 2, 2015. (R.613). At step two, the ALJ found that Claimant has the severe impairments of degenerative disc disease and status-post lumbar laminectomy. (R.613.) At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or equals a listed impairment. (R.617-18.) At steps four and five, the ALJ determined:

> the claimant has the residual functional capacity to light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, he can occasionally climb ramps/stairs but never ladders, ropes, or scaffolds; occasionally stoop and crawl; frequently reach in all directions, bilaterally; must avoid unprotected heights; cannot perform production work, an example being line work; and can occasionally operate vibrating machinery.

(R.618.) The ALJ concluded there were jobs in the national economy Claimant could perform based on the testimony of the vocational expert who opined that Claimant could perform the jobs of sorter, routing clerk, and tagger, and therefore found Claimant is not disabled. (R.626.)

The Court reviews the ALJ's decision deferentially and must affirm the decision if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389,

3

401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, the court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053-54.

### Analysis

Claimant argues remand is warranted because the RFC was not supported by substantial evidence. *See* Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 15] ("Motion") at 8-12. Claimant says the ALJ failed to support her decision to eliminate a sit/stand restriction from the RFC on remand, arguing it was logically inconsistent for the ALJ to reject this limitation based on the same evidence considered in the ALJ's prior decision and that the ALJ failed to adequately explain why she changed her mind on this issue. *Id.* As explained further below, the Court finds this issue requires remand and declines, in its discretion, to address Claimant's remaining arguments other than as discussed herein.

4

In an earlier January 25, 2019 opinion, the ALJ found, in relevant part, that Claimant had the RFC "to perform light work . . . except he can alternate from sitting to standing every 30 minutes for one to two minutes while remaining at the workstation with no change in work process." (R.19.) The ALJ stated in the 2019 opinion that she gave "[p]artial weight" to the opinions of the state agency consultants Dr. Young-Ja Kim and Dr. Phillip Galle, who both opined that Claimant had an RFC to perform light work with additional restrictions, explaining "[a]lthough these consultants are not an examining medical source, their opinions are based upon a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations. The undersigned agrees that the claimant is capable of performing light work but with additional limitations. Based on the claimant's testimony and entire evidence of record, the undersigned finds the claimant needs to alternate sitting and standing every 30 minutes for 1 to 2 minutes while remaining at his workstation." (R.21-22).

The Court remanded based in part on a finding that the sit/stand option in the RFC in the 2019 opinion was "not clear" and did not sufficiently articulate the nature of this limitation. (R.738.) In addition, the Court observed the ALJ did not cite evidence supporting the specific timing parameters of this limitation, such as that Claimant would only need to change positions after 30 minutes or that Claimant would need one to two minutes to change positions, pointing to Claimant's testimony that he could only sit for 10-15 minutes before needed to lie down or move, as well as treating physician opinions that Claimant needed to change positions every 10 to 30

5

minutes. (R.739.) The Court also found the ALJ did not address Claimant's testimony that he needed to lie down during the day or explain why the ALJ did not credit Claimant's testimony in that regard, particularly in light of treating physician opinions corroborating Claimant's need to lie down throughout the day. (R.739.) The Court concluded remand was necessary because the ALJ did not provide adequate explanation for how "the clinical and opinion evidence support the ALJ's RFC assessment" with respect to the sit/stand option and failed to address Claimant's testimony about his need to lie down. (R.740-41.) The Court emphasized it was not making any finding that Claimant was disabled but rather was remanding because of the ALJ's failure to "explain her decisional process sufficiently for the Court to be able to conclude that her ultimate decision is supported by substantial evidence. . ." (R.740-41.)

In the ALJ's subsequent December 20, 2023 opinion, the decision that is the subject of this appeal, the ALJ addressed the basis for remand and agreed "with the Court's September 2022 finding that the prior restriction to a 'sit/stand option' . . . is unclear." (R.622.) The ALJ stated "[d]isability findings cannot be based solely on claimant's subjective complaints or his hearing testimony." (R.622.) The ALJ explained that in her prior opinion she gave "claimant the benefit of the doubt as relates to his assertions of the need to basically shift positions at will due to alleged lumbar and lower extremity discomfort (in assessing the sit/stand option restriction)." (R.622.) On remand, the ALJ "reconsidered and reevaluated the evidence" and reasoned "in reviewing the record a second time, considering the fact that there is no

evidence of any additional back surgeries after the amended alleged onset date of disability, and also considering the overall evidence submitted after the initial January 2019 hearing decision in general" the ALJ "finds there is nothing in the record to support such a limitation." (R.622.) The ALJ concluded "[t]herefore, the additional restriction of a sit/stand opinion (*sic*) is not included in the above residual functional capacity. Yet, consistent with the previously assessed residual functional capacity, the evidence remains supportive of a restriction to light exertion, in general, with the accompanying postural, manipulative, and environmental limitations outlined, along with specifically precluding the performance of production work (i.e., assembly line work) due to the effects of his medication." (R.622.)

As an initial matter, the ALJ's decision not to include any option for changing positions from sitting to standing in the RFC on remand, despite essentially relying on the same record as she relied upon for the initial opinion, does raise some questions about what provided the basis for the ALJ's current RFC. *See Martin v. Saul*, 950 F.3d 369, 375–76 (7th Cir. 2020) ("What most concerns us is that the second ALJ did not grapple with the first ALJ's findings that Martin could perform only sedentary work. And that was so even though the second hearing entailed the presentation of no new evidence bearing on Martin's physical limitations. While the law may not compel a comparative analysis, we would have expected the second ALJ to explain the basis for reaching such a vastly different conclusion about whether Martin's physical condition affected the jobs she could perform."); *Rienas v. Kijakazi*, 2023 WL 6295391, at *9–10 (E.D. Wis. Sept. 27, 2023) (while ALJ can consider the record *de*

*novo* on remand, "it will create some skepticism when, like here, the ALJ dramatically changes the RFC after remand despite the medical evidence remaining the same"). Here, while the ALJ was free to reconsider the record on remand and was not compelled by the Court's remand decision to include any particular restriction in the RFC, the ALJ's explanation for why she changed her mind to not include any sit/stand option in the RFC is part of the ALJ's current opinion and therefore that decision must be supported by substantial evidence.

To that end, the ALJ (as in her prior opinion) relied in part on the opinions of the state agency consultants in crafting the RFC and gave partial weight to their opinions:

> State agency consultants Young-Ja Kim, MD and Phillip Galle MD both opined that claimant could perform light work with frequent balancing and crawling with no concentrated exposure to hazardous machinery due to the effects of narcotic medication. . . Although these consultants are not an examining medical source, their opinions are based upon a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations. The undersigned agrees that the claimant is capable of performing light work but with additional postural, environmental, and manipulative limitations, along with specifically precluding the performance of production work (i.e., assembly line work) due to the effects of his medication.

(R.623.)[4] The ALJ's explanation suggests she found the state consultants' assessment

---

[4] The ALJ similarly based the RFC in her prior opinion on the RFCs included in the state agency opinions, except with the notable addition of a alternating sit/stand option: "State agency consultants Young-Ja Kim, MD and Phillip Galle MD both (*sic*) that claimant could perform light work with frequent balancing and crawling with no concentrated exposure to hazardous machinery due to the effects of narcotic medication. Partial weight is given to these opinions. Although these consultants are not an examining medical source, their opinions are based upon a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations. The undersigned agrees that the claimant is capable of performing light work but with additional limitations. Based on the claimant's testimony and entire evidence of record, the undersigned finds the claimant

8

of a light work RFC to be partially persuasive but concluded the record required certain additional limitations be included in the RFC.

What the ALJ does not address, however, is why she omitted the state consultants' additional exertional limitation that Claimant "must periodically alternate sitting and standing to relieve pain and discomfort." (*See* R.77 (initial opinion); R.109 (reconsideration opinion); R.125 (reconsideration opinion).) The initial consultant opinion dated February 10, 2017 and the reconsideration opinion dated June 27, 2017 both included in their light work RFCs that Claimant could stand or walk, and sit, with normal breaks, for about six hours in an eight-hour workday, but added that Claimant "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." (*Id.*) Despite relying on these state consultants' opinions in crafting the RFC, the ALJ fails to address their inclusion of an alternating sit/stand limitation in her opinion.

Courts have remanded in similar circumstances, concluding an RFC is not supported by substantial evidence where an ALJ relies on state consultant opinions in part but rejects some of the limitations included in those opinions without any explanation. *See, e.g., Nancy K. v. Saul*, 2020 WL 4273976, at *8 (N.D. Ill. July 24, 2020) ("The ALJ purported to give 'moderate weight' to the opinions of the state agency physicians . . . [h]owever, nothing in the ALJ's RFC accounted for Drs.

---

needs to alternate sitting and standing every 30 minutes for 1 to 2 minutes while remaining at his workstation. Additionally, the undersigned finds the claimant can occasionally climb ladders, ramps and scaffolds; can occasionally stop and crouch and can frequently reach overhead with the left upper extremity. The undersigned also finds that the claimant cannot perform productions rate or pace work due to the effects of his medication." (R.22.)

Madison's and Kenney's finding that Nancy 'must periodically alternate sitting and standing to relieve pain and discomfort.' Thus, the ALJ rejected the state agency physicians' opinions in that regard, but did so without any explanation. While the ALJ need not accept the full extent of Drs. Madison's and Kenney's opinions, she cannot reject a significant part of them without minimally articulating a reason, supported by substantial evidence.") (citing *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011)) (internal record citations omitted); *Williams v. Comm'r of Soc. Sec.*, 2023 WL 2237751, at *3–4 (N.D. Ind. Feb. 27, 2023) (remanding where ALJ failed to build a logical bridge from state agency opinion to the RFC and hypotheticals posed to the VE; "While it is true that Dr. Brill and Dr. Corcoran both found that Williams could perform six hours of sitting and four hours of standing in a workday, the ALJ failed to consider that Dr. Brill *also* included a restriction that Williams '[m]ust periodically alternate sitting and standing to relieve pain and discomfort.' The ALJ never mentioned this additional restriction . . ., much less explain why it was omitted from the assigned RFC and the hypotheticals posed to the VE. . . 'An ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest disability.'") (quoting *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal record citations omitted); *see also Kilyam M. v. O'Malley*, 2024 WL 342570, at *3 (N.D. Ill. Jan. 30, 2024) (remanding where ALJ mischaracterized treating physician opinion regarding claimant's ability to perform sedentary work; "[w]hen the ALJ's decision is grounded in a mistake of fact such as this one, the court must remand") (citing *Sarchet v.*

*Chater*, 78 F.3d 305, 309 (7th Cir. 1996) and collecting cases). The Court acknowledges that neither Claimant nor the Commissioner raised the ALJ's failure to address the state consultants' inclusion of a sit/stand option. Nevertheless, the issue of whether the ALJ's omission of a sit/stand option from the RFC was supported by substantial evidence is a central question raised in the parties' briefing and squarely before the Court in this appeal.

Moreover, this is not harmless error. As a rationale for not including any sit/stand option in the RFC on remand, the ALJ stated there "is nothing in the record to support such a limitation." (R.622.) Yet the ALJ did not address the state consultants' opinions that included this specific limitation. The inclusion of a sit/stand limitation in the state consultant opinions materially changes the record as described by the ALJ, as it would mean that most, if not all, of the medical opinion evidence in this case (including the two state consultants' opinions and two treating physicians' opinions) endorsed that Claimant's RFC required at least some sit/stand option. (R.623 (discussing sit/stand restrictions in treating physician opinions from Dr. Sampat and Dr. Dalawari but giving these opinions little to no weight).) *See Lothridge v. Comm'r of Soc. Sec.*, 2023 WL 6231409, at *5–6 (N.D. Ind. Sept. 25, 2023) (rejecting Commissioner's argument that ALJ's failure to discuss claimant's obesity was harmless error because "there is evidence of record to support additional physical limitations that the ALJ failed to address" in state consultant opinions including that the claimant "[m]ust periodically alternate sitting and standing to relieve pain and discomfort") (internal record citations omitted). The Court will not speculate about

11

how the ALJ would have weighed the need for a sit/stand option in the RFC had the ALJ considered and addressed the inclusion of such a limitation by the state consultants. *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) ("An error is harmless if, upon examination of the record, the court can "predict with great confidence what the result of remand will be").

This error is not harmless for the additional reason that the vocational expert was asked about a sit/stand restriction at the hearing after remand—specifically, where an individual needs to take unscheduled breaks every 20-30 minutes to stand up and move around for 5 to 15 minutes—and the vocational expert stated adding such a restriction would preclude all work. (R.695.) While the Court acknowledges an RFC could potentially include different variations of a sit/stand option than precisely what was described to the vocational expert at the hearing, and that could potentially change the analysis of job availability, on the current record the Court does not know how any other hypothetical sit/stand option would impact available jobs. *See Manns v. Comm'r of Soc. Sec.*, 2022 WL 950630, at *7–8 (N.D. Ind. Mar. 30, 2022) ("The ALJ's oversight with respect to his consideration of the opinions of the state agency doctors is material . . . there is no other medical source opinion of record indicating that Manns could perform light-exertional (or sedentary) work without the need to alternate between sitting and standing throughout the workday to relieve pain and discomfort. Likewise, there is no testimony by the VE that the representative jobs he identified could still be performed with the additional limitation of a sit-to-stand option.") (internal citations omitted).

12

In addition to the ALJ's failure to address the sit/stand option included in the state consultants' opinions, the explanation the ALJ provided for why she decided to omit any sit/stand option from the RFC on remand is also not supported by substantial evidence. The ALJ explained "in reviewing the record a second time, considering the fact that there is no evidence of any additional back surgeries after the amended alleged onset date of disability, and also considering the overall evidence submitted after the initial January 2019 hearing decision in general" the ALJ "finds there is nothing in the record to support such a limitation." (R.622.)

With respect to the first reason provided by the ALJ (no additional back surgeries), the ALJ considered Claimant's history of back surgeries dating back to 2010 and noted repeatedly in her opinion that Claimant had not had additional back surgeries since the alleged onset date in August 2015. (R.619, 620, 622.) The ALJ, however, also acknowledged changes to Claimant's back condition after the alleged onset date, summarizing that Claimant reported back pain beginning in August 2015 after sustaining injuries in a recreational vehicle accident, requested a physical therapy referral for back pain, sustained back injuries ("lumbar contusion") in a motorcycle accident in April 2016, an MRI taken after that accident confirmed "lumbosacral radiculopathy," epidural injections and physical therapy were recommended as treatment following the MRI, physical therapy continued to be recommended through January 2017, and Claimant continued to complain of back pain in July 2017. (R.620-21.) What the ALJ does not explain in considering this record evidence from after the onset date is why she concluded that Claimant's need

13

for any sit/stand option was obviated because he did not have additional back surgeries after 2010. As the Court understands it, the record as discussed by the ALJ reflects Claimant had a lumbar laminectomy (back surgery) in 2010 and, later, after the alleged onset date, Claimant received injections and physical therapy to treat back pain that had recurred after Claimant was in two vehicle accidents more than five years after the previously successful back surgery. The Court recognizes the ALJ also highlighted evidence showing some improvement in Claimant's back pain symptoms after the alleged onset date, such as a "50% improvement in his symptoms" during the summer of 2016 after receiving "epidural injections with selective nerve root block monthly" during this period. (R.620.) But the ALJ also notes Claimant received ongoing physical therapy for back pain after the summer of 2016. (R.620-21.) In the Court's view, the ALJ did not explain why Claimant's lack of any back surgeries after the alleged onset date, particularly in light of the other evidence after the alleged onset date, meant there was "nothing in the record" to support a sit/stand option in the RFC. For these reasons, the Court finds the fact that Claimant did not have additional back surgery after 2010 does not provide substantial evidence to support the omission of any sit/stand option to alleviate back pain from the RFC.

The ALJ also refers to her consideration of "the overall evidence submitted after the initial January 2019 hearing decision in general" as supporting her conclusion that "there is nothing in the record to support" a sit/stand limitation in the RFC. (R.622.) The Court agrees with Claimant that this vague reference, without any corresponding analysis or record citations, fails to sufficiently identify what specific

14

evidence the ALJ relied on for this conclusion. Moreover, as discussed above, much of the post-alleged onset record evidence the ALJ had previously relied on to find a sit/stand option was warranted in the RFC in her 2019 opinion had not changed.[5]

Finally, the Court notes there is another issue not raised by the parties that warrants mentioning and potentially consideration on remand. The ALJ says that in July 2017, Claimant continued to report back pain but "was able to move from sitting to standing with ease" and "from this point forward, claimant received routine

---

[5] Although the above reasons provide the Court with sufficient grounds for remand, the Court also has some concerns with how the ALJ considered Claimant's ability to engage in certain activities in deciding whether to include a sit/stand option in the RFC. The ALJ noted that during the July 2018 hearing Claimant testified he "can sit for no more than 15 minutes before experiencing pain in his calf" and at the supplemental hearing in August 2023 Claimant "testified to a sitting and standing capacity for no more than 20 minutes without needing to shift positions – to lay down or stand up" and that he "lays down most of the day" due to pain. (R.619.) The ALJ generally rejected Claimant's testimony because "[w]hile records note a history of back surgeries and complaints of back pain, which claimant reports has limited him to only a few minutes of standing, walking, or sitting, he has also described himself as able to drive a car, make simple meals, and wash dishes," and the ALJ also found "noteworthy . . claimant's documented ability to ride a motorcycle 8 months after the amended onset date of disability" which the ALJ found to be "inconsistent with some of his alleged limitations—i.e., difficulty bending, reaching, and sitting, all of which are generally required when riding a motorcycle." (R.619.) In the Court's view, it is not clear why the ALJ viewed Claimant's ability to drive a car for an unspecified amount of time, or to make simple meals and wash dishes, to be necessarily inconsistent with back pain or a need to change positions from sitting to standing to alleviate pain periodically during an eight-hour workday. Similarly, there is no discussion in the opinion of how frequently or for how long Claimant rode a motorcycle. Claimant also says the ALJ mischaracterized certain evidence she cited, including Exhibit 3F, to support the assertion that he was able to continue daily activities following the April 2016 accident. Motion [ECF No. 15] at 13. To that end, Exhibit 3F is an April 8, 2016 report from a pain management office reflecting that Claimant reported lower back pain after the April 2016 accident that persisted a week later, the pain was "worse with walking, bending forward, sitting, sudden activities or walking up by stairs," the pain was "alleviated by resting and lying down," and Claimant reported "[h]e is able to perform his activities of daily living but with a lot of discomfort." (R.457.) *See* Motion [ECF No. 15] at 13. The Commissioner does not directly respond to Claimant's point about this evidence. *See* Defendant's Memorandum in Support of Motion for Summary Judgment [ECF No. 19] ("Response") at 8. In the Court's view, the ALJ's discussion of Claimant's ability to engage in certain daily activities does not support discrediting Claimant's testimony so as to omit the need for any sit/stand option from the RFC.

treatment for his back pain from his primary care physician with examinations generally reflecting findings within normal limits." (R.621.) To the extent the ALJ suggests this reflects a change in the nature of Claimant's back pain symptoms and treatment beginning in July 2017, that may warrant an analysis of a potential closed period of disability from the alleged amended onset date of August 2, 2015 through that date. "A claimant may receive an award of temporary benefits if she is disabled for 12 months or longer, even if she later recovers sufficient health to return to work." *Summers v. Berryhill*, 864 F.3d 523, 528 n.3 (7th Cir. 2017) (citing 20 C.F.R. § 404.1594). "[T]he disability inquiry must be made throughout the continuum that begins with the claimed onset date and ends with the hearing date," to determine if the claimant was disabled for any consecutive 12-month period within that continuum. *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013). The Court is not making any determination one way or the other as to whether a closed period of disability is warranted on this record; however, given that the case is being remanded for other reasons, the Court is noting the possibility that a closed period might be considered on the record presented in this case.

For all the above reasons, the Court concludes remand is necessary because the omission of the sit/stand option from the RFC is not supported by substantial evidence.

## CONCLUSION

Accordingly, for all the reasons set forth above, Claimant's request for remand in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social

16

Security [ECF No. 15] is granted and Commissioner's Motion for Summary Judgment [ECF No. 18] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 27, 2026

17